**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCESCA O'CONNOR,

Plaintiff - Appellant,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

Defendant - Appellee.

No. 24-3928

D.C. No.
3:23-cv-01364-CAB-AHG

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued & Submitted July 10, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[***]

Appellant Francesca O'Connor appeals the denial of benefits under a long-

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

term disability policy administered by Appellee Life Insurance Company of North America ("LINA"). There is no dispute that the policy at issue is governed by the Employee Retirement Income Security Act (ERISA). The policy was issued in Delaware and is subject to Delaware law. O'Connor specifically challenges two threshold legal questions raised in a motion for summary adjudication: (1) whether the operative policy's Pre-existing Conditions Limitation ("PECL") is valid and enforceable, and (2) whether the standard of review over LINA's denial of benefit is de novo or abuse of discretion. The district court orally ruled the standard of review is abuse of discretion, and that the PECL was "very clear" and enforceable. The parties agreed at oral argument that if the PECL is valid and enforceable, then O'Connor cannot prevail.

We review summary adjudication rulings de novo. *See Hardwick v. Cnty. of Orange*, 980 F.3d 733, 739 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We AFFIRM the district court's ruling that the PECL is valid and enforceable. Delaware law requires group health insurance policies to "contain[] in substance" certain provisions in the state insurance code. 18 Del. Code § 3512. Noncomplying policy provisions remain valid but are "construed and applied in accordance with" the applicable statutes. *Id.* § 2718(b). Section 3517(b) of the Delaware Insurance Code requires pre-existing condition limitations to "only apply

to a disease or physical condition for which medical advice or treatment was received by the person during the 12 months prior to the effective date" of coverage.  O'Connor's argument that the PECL is "wholly unenforceable" under the doctrine of reasonable expectations is without merit because the PECL is "clear, plain, and conspicuous." *See Saltarelli v. Bob Baker Grp. Med. Tr.*, 35 F.3d 382, 387 (9th Cir. 1994).  We recognize that the PECL purports to exclude conditions "for which a reasonable person would have consulted a Physician." This clause appears to conflict with Delaware law.  *See* 18 Del. Code § 3517(b). We therefore assume that this clause is unenforceable.  *See id.* § 2718(b).  But LINA did not reject O'Connor's claim for benefits based on this clause. Accordingly, the district court properly concluded that the PECL is enforceable as applied to O'Connor's claim for benefits.

As the parties agreed that this ruling is dispositive, we need not address the appropriate standard of review.

We also deny O'Connor's request for attorney's fees raised in the concluding paragraph of the opening brief.  *See* Ninth Circuit Rule 39-1.6.

**AFFIRMED.**